### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**TWILIGHT TEETH, INC.**

                    **Plaintiff,**

**-vs-**                                    **Case No.  6:10-cv-1087-Orl-28GJK**

**ANT G ENTERPRISES, INC.**

                    **Defendant.**

_____

## ORDER

This patent infringement case involves two patents for mouthpiece devices and methods to allow Ultra Violet ("UV") whitening of teeth–Patent No. 7,160,111 ("the '111 patent") and Patent No. 7,621,746 ("the '746 patent").   Plaintiff, Twilight Teeth, Inc. ("Plaintiff"), and Defendant, Ant G Enterprises, Inc. ("Defendant") disagree on how the term "light source," which is used in both patents at issue, should be construed.[1]  Both parties have sought pretrial claim construction.  (Docs. 39, 44, 46).

### I.  Legal Standard

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting Innova/Pure Water, Inc. v. Safari Water Filtration Sys.,

_____

[1] Plaintiff also proposed definitions of several other terms, which were not disputed by Defendant.

 Inc., 381 F.3d 1111, 1115 (Fed. Cir. 2004)).  Generally, claim terms take on their

ordinary and customary meaning to those skilled in the art, and they are construed in the

context of the specification and prosecution history.  Id. at 1316; Oatey Co. v. IPS Corp., 514

F.3d 1271, 1277 (Fed. Cir. 2008); Elbex Video, Ltd. v. Sensormatic Elecs. Corp., 508 F.3d

1366, 1371 (Fed. Cir. 2007).  Additionally, while claims are generally "not interpret[ed] . . .

in a way that excludes embodiments disclosed in the specification," Oatey Co., 514 F.3d at

1277 (collecting cases), they also will not be expanded to include "particular embodiments

and examples appearing in the specification" that are clearly not claimed,   Comark

Commc'ns, Inc. v. Harris Corp., 156 F.3d 1182, 1187 (Fed. Cir. 1998).  Furthermore, under

the doctrine of prosecution disclaimer, if "a patent applicant surrendered claim scope during

prosecution . . . , the ordinary and customary meaning of a claim term may not apply." Elbex

Video, 508 F.3d at 1371.  However, "[t]his doctrine does not apply 'where the alleged

disavowal is ambiguous;' the disavowal must 'be both clear and unmistakable' to one of

ordinary skill in the art."  Id.

## II.  Background

Both of the patents-in-suit claim "systems" for whitening teeth while also receiving a

body tan and "methods" for doing so.  ('111 Patent, Ex. 1 to Doc. 1; '746 Patent, Ex. 2 to

Doc. 1).  These "systems" consist of a combination of devices that, when used together, will

whiten teeth and provide a body tan.  In general terms, these systems are comprised of a

mouthpiece, a suntanning light source, and, in some of the claims, a whitening agent.

Similarly, the "method" claims generally describe a process by which the user takes the

steps of positioning a mouthpiece in his or her mouth, using a whitening agent in some

claims, and exposing himself or herself to a suntanning light source.  Plaintiff asserts that the term "light source" includes both artificial and natural light, while Defendant argues that the term "light source" should be defined as "an artificial light source."

### III.  Analysis

The '111 patent has three independent claims–claims one, seven, and fourteen–and the '746 patent has two independent claims–claims one and eight.  Of those independent claims, claims one and fourteen of the '111 patent specify that the claimed "light source" is an artificial light source.  Accordingly, the parties focus on claim seven of the '111 patent and claims one and eight of the '746 patent.

First and foremost, language in dependent claim thirteen of the '746 contradicts Defendant's definition of "light source."  Claim thirteen of the '746 patent is dependent on claim eight and recites: "The method of claim 8, wherein the sun tanning light source is natural sun." ('746 Patent at 15).  Accordingly, claim thirteen would be nonsensical if "light source" were defined as "an artificial light source." See Innova/Pure Water, 381 F.3d at 1123 (noting that "dependent claims are typically narrower" than the independent claims upon which they depend).  Additionally, Defendant's proposed definition is contradicted by the specifications of both the '111 and the '746 patents, which state that "[t]he light source can also be natural sunlight," ('111 Patent at 13; '746 Patent at 13), and that "the light and heat source . . . can be the natural sun which is known to emit ultraviolet light that reaches the earth surface within the range of approximately 290 to approximately 400 nanometers," ('111 Patent at 14; '174 Patent at 14).

On the other hand, the prosecution history of the '111 patent somewhat supports Defendant's definition.   Specifically, original claim nine of the '111 patent was rejected because it "call[ed] for the claimed 'light source' . . . to be 'natural sunlight.'" ('111 Patent Prosecution History, Ex. A to Doc. 44, at 3).   The examiner's rationale was that "the claim appear[ed] to suggest that applicant [was] positively claiming the sun itself . . . as part of his invention." (Id.).   However, claim seven of the '111 patent and claim eight of the '746 patent are quite different from the rejected claim nine and plainly do not attempt to claim the sun itself.   These claims are for the process of whitening teeth while tanning, and they include the steps of "providing a sun tanning light source," "applying the suntanning light source against the user," "whitening the . . . teeth from a suntanning light source," and "getting a tan from the sun tanning light source,"  ('746 Patent at 15), and "whitening . . . teeth from a light source while receiving a body tan from the light source," ('111 Patent at 15).   Thus, the prosecution history does not provide an unambiguous disavowal of natural light in claim seven of the '111 patent and claim eight of the '746 patent.

Claim one of the '746 patent, however, does appear to be similar to the rejected claim nine.  The relevant portion of claim one of the '746 patent recites: "A teeth whitening system, comprising the combination of: a plastic mouth piece . . . ; a whitening agent . . . ; and a sun tanning light source."  ('746 Patent at 15).   Similarly, the rejected claim nine recited in relevant part: "A system for whitening teeth, comprising the combination of: a mouth piece . . . ; and a light source for beaming light onto the exposed . . . teeth . . . for bleaching the exposed . . . teeth." ('111 Patent File History, Ex. A to Doc. 46, at 16).  Both claim one of the '746 patent and the rejected claim nine list devices that are part of the "system" for whitening

teeth.  In this context, the light source must clearly be limited to an artificial light source for the very reason stated in the prosecution history–the sun itself is not a device that can be claimed.

Although there is a "presumption that the same terms appearing in different portions of the claims should be given the same meaning," that presumption can be overcome if "it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims." Fin Control Sys. Pty, v. OAM, Inc., 265 F.3d 1311, 1318 (Fed. Cir. 2001).  As discussed above, when the claims are read in the context of the specifications and the prosecution history, it is clear that "light source" has a different meaning in claim one of the '746 patent than it does in claim seven of the '111 patent and claim eight in the '746 patent.  Accordingly, the term "light source" in claim one of the '746 patent is defined as "an artificial light source."  In the other claims, however, the term "light source" is not limited in this way.

## IV.  Conclusion

In accordance with the foregoing, Plaintiff's requested claim construction (Doc. 39) is **GRANTED in part** and **DENIED in part** as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida this 10th day of February, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party